IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph A. Blash; Chantal M. Blash; Pig Iron Leasing, Inc.; and North American Amusements, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Charter Finance, Inc.; Dustan Barber; Tommy Coffing; and Jason Seeley, <br><br> Defendants. | C/A No. 6:14-3480-TMC <br><br> OPINION & ORDER |

    This matter is before the court on Defendants' Motion to Compel Arbitration and Dismiss or, alternatively, to Stay. (ECF No. 12). Plaintiffs filed a Notice of Non-Opposition to Defendants' Motion to Compel Arbitration and Dismiss or Stay (ECF No. 15). Within its response, however, Plaintiffs request that the court order that the arbitration take place in California. Defendants filed a reply opposing arbitration in California and seeking an order requiring it to take place in South Carolina. (ECF No. 17).

    This action was originally filed in the Central District of California. Subsequently, without opposition, it was transferred to this district. When it was transferred, the instant motion was pending. The parties agree that the claims raised in this action are subject to arbitration. They do not, however, agree on where the arbitration should take place. Defendants contend that, based upon the forum selection clause within the contract, arbitration should take place in South Carolina while Plaintiffs argue arbitration should take place in California.

The arbitration agreement selects South Carolina as the arbitration forum. Under the FAA, "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings, 9 U.S.C. § 3, and to compel arbitration." *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir.1999).  However, section 4 of the FAA states that "[t]he hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. This has been interpreted to mean that a federal district court may not compel arbitration outside its own district. *See M.C. Const., Corp. v. Gray Co.*, 17 F.Supp.2d 541, 548 (W.D.Va.1998).[1]  And when Plaintiffs filed their opposition in the Central District of California seeking to have arbitration ordered to take place in California, their

---

[1]In considering the language of § 4, courts have taken three approaches in deciding whether a federal district court may compel arbitration when the challenged arbitration agreement states that the arbitration itself shall occur in another district. Some courts have held that a district court may compel arbitration in the district specified in the arbitration agreement, even though the arbitral district is different from the district in which the petition to compel arbitration is filed.  *See e.g. Dupuy-Buschinq Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276, 1278 (5th Cir.1975) (recognizing a Mississippi district court's order directing parties to proceed with arbitration in New Jersey where the plaintiff sought to avoid arbitration by bringing suit in Mississippi, rather than in the contract forum of New Jersey).  Other courts have held that a district court may compel arbitration in its own district and ignore the forum specified in the arbitration clause.  *See e.g. Textile Unlimited, Inc. v. A.BMH & Co.*, 240 F.3d 781 (9th Cir. 2001)(holding that the FAA "does not require venue in the contractually-designated locale").  Finally, the majority of courts have held that where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has the authority to compel arbitration under § 4.  *See, e.g., Ansari v. Qwest Communs. Corp.*, 414 F.3d 1214, 1220-21 (10th Cir. 2005); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003);  *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997);  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir.1995).

The Fourth Circuit has not yet ruled directly on whether, pursuant to § 4 a district court has the authority to compel arbitration outside of its geographic jurisdiction. However, the Fourth Circuit has strongly implied that it would align itself with the majority position if it were squarely presented with the issue.  *See Elox Corp. v. Colt Industries, Inc.*, 1991 WL 263127, at *1 (4th Cir. 1991) (unpublished) (holding that if a court orders arbitration, the arbitration must be held in the same district).

2

argument hinged on this very view of § 4.  (ECF No. 15 at 2).  However, now that this action has been transferred to South Carolina, the argument is moot, as this court can order arbitration to take place in South Carolina.  Reviewing the record in ths case, the court finds that the claims are subject to arbitration, and the parties selected South Carolina as the forum for such arbitration.

Therefore, Defendant's Motion to Compel Arbitration and to Dismiss (ECF No. 12) is **GRANTED**, and this action is dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 3, 2014
Anderson, South Carolina